

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-23-00048-CR

---

TIMMY DEAN SCOTT, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2027628

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

Timmy Dean Scott pled guilty to possession of four grams or more but less than 200 grams of methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Supp.). After he pled true to the State's habitual-offender allegations, the trial court placed Scott on deferred adjudication community supervision for a period of ten years. The terms and conditions of Scott's deferred adjudication community supervision required him to go to a Substance Abuse Felony Punishment (SAFP) facility and abstain from taking drugs, among other things. The State moved to revoke Scott's community supervision and to proceed to an adjudication of his guilt because, among other violations, Scott tested positive for methamphetamine and failed to abide by the rules and regulations of the SAFP program. Scott pled true to all of the State's allegations in its motion to adjudicate guilt, and after an evidentiary hearing, the trial court granted the State's motion. Scott was sentenced to life imprisonment, and he appeals.

Scott's attorney filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On July 6, 2023, counsel mailed to Scott copies of the brief, the motion to withdraw, and a motion for pro se access to the appellate record. Scott was informed of his rights to review the record and file a pro se response. After receiving the record, Scott filed his pro se response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and Scott's pro se response and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[1]

Scott E. Stevens
Chief Justice

Date Submitted:    December 6, 2023
Date Decided:    December 21, 2023

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.